[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6197
On August 1, 1991, the plaintiff, Airguard Industries, Inc. filed a three count complaint against the defendants, New England Air Filters, Inc. (hereinafter "New England") and Raymond Bergen.
In the first count, the plaintiff alleges that it is a Kentucky corporation, and that during the period beginning in May, 1982 and ending in March, 1991 defendant New England purchased air filters from the plaintiff. The plaintiff alleges that these purchases were made pursuant to the terms of invoices sent to defendant New England in connection with product shipments, and that defendant New England agreed to pay for the air filters within thirty days of shipment, pursuant to the terms of the invoices. The plaintiff alleges that defendant New England has failed to make payment for shipments totaling $90,679.82.
In the second count, the plaintiff alleges that the defendant New England and the plaintiff agreed that the plaintiff would accept payment on $130,000 in past due charges and $25,000 in interest charges in the form of a promissory note, which was guaranteed by defendant Bergen, the president of defendant New England. The plaintiff alleges that defendant Bergen secured the obligations by executing a mortgage deed securing real property owned by defendant Bergen. The plaintiff alleges that the obligations of the agreement, promissory note, guaranty and mortgage deed are in default as the result of the defendants' failure to make timely payments, and, pursuant to the terms of these obligations, the plaintiff seeks the entire unpaid principal balance and accrued interest from both defendants. The plaintiff has attached copies of the agreement, promissory note, guaranty and mortgage deed as exhibits to the complaint.
In the third count, the plaintiff repeats its allegations in the second count, and alleges that, pursuant to the terms of the agreement, defendant Bergen was required to deliver the mortgage deed, and the plaintiff seek specific performance of defendant Bergen's agreement to deliver the mortgage deed.
On April 28, 1992, the defendants filed a motion to strike and memorandum of law in support thereof. The motion to strike is based on alternate grounds: First, the plaintiff may not maintain the cause of action, since it is a foreign corporation transacting business in Connecticut without a certificate of authority. Second, the plaintiff's exhibits are improper, because they were not effectuated, therefore, the exhibits or counts two and three should be stricken. CT Page 6198
On May 8, 1992, the plaintiff filed a memorandum in opposition to the motion to strike.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 541 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34,37, 522 A.2d 1235 (1987). The court must construe the the facts alleged in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 150 A.2d 1073 (1988). In passing upon a motion to strike, the trial court should only consider the grounds specified by the moving party; Blancato v. Feldspar Corp., supra, 44; Morris v. Hartford Courant Co., 200 Conn. 676,682, 513 A.2d 66 (1986); and only the facts alleged in the challenged pleadings. King v. Board of Education, 195 Conn. 90,93, 486 A.2d 1111 (1985).
The defendants argue that the plaintiff is a foreign corporation which has neither obtained a certificate of authority to do business in Connecticut nor named an agent for service of process. The defendants argue that pursuant to General Statutes 33-396 and 33-412, a foreign corporation which has not taken these steps may not bring an action in the Connecticut courts.
The plaintiff argues that since the defendants' motion to strike is based on allegations which are not within the complaint, the motion must be denied.
General Statutes 33-412 prohibits a foreign corporation that transacts business in Connecticut without obtaining a certificate of authority from maintaining an action in the state courts.
Pursuant to the holding of King v. Board of Education, supra, in passing upon a motion to strike the court may only consider the facts alleged in the complaint.
In the present case, the plaintiff has alleged that it is a Kentucky corporation. The plaintiff has not made any allegations regarding whether or not it has obtained a certificate of authority. The court may only consider facts alleged in the complaint, and the ground raised in the motion to strike would require the court to consider facts not alleged in the complaint. As to the defendants' first grounds, the motion to strike is denied.
The defendants argue that the plaintiff's exhibits (i.e. the agreement, promissory note, guaranty and mortgage deed) had been CT Page 6199 placed in escrow, and were not to be released from escrow, delivered, and made effective, unless defendant New England agreed to "certain terms and conditions." Hence, defendants argue that inclusion of the documents is improper because the documents would mislead the court. Accordingly, the defendants argue that the exhibits should be stricken or counts two and three should be stricken, since they are based upon the exhibits.
The plaintiff argues that the defendants are seeking to strike portions of the complaint by referring to allegations regarding the escrow agreement which are outside the scope of the complaint.
As cited above, in passing upon a motion to strike, the court may only consider the facts alleged in the complaint. The defendants rely on allegations about an escrow agreement, which is not found in the complaint therefore the defendants' motion is denied.
Howard F. Zoarski, Judge